IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAURIE BROWN, OLUWAKEMI FOSUDO, and ABIGAIL MUSICK,

Plaintiffs,

v.

WALMART, INC.,

Defendant.

Case No. 5:24-cv-05144-TLB

# DEFENDANT WALMART, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ACTION PENDING ARBITRATION

Plaintiffs admit that they agreed to Walmart's Terms of Use ("TOU"), which contains an Arbitration Agreement and Class Action Waiver. Doc. 33 at 5–6. Nonetheless, Plaintiffs contend that their claims fall outside the scope of the Arbitration Agreement and Class Action Waiver because those claims allegedly "qualif[y] for" "small claims court in Arkansas." *Id.* at 7 (internal quotation marks and citation omitted). Plaintiffs are mistaken.

To begin, it is not true that any claim that might theoretically "qualify for" small-claims court but was not brought in that forum is categorically outside the TOU's Arbitration Agreement and Class Action Waiver. The TOU clearly offers two alternative forums for resolution of disputes between the parties: small-claims court or arbitration. *See* Doc. 26-5 § 20.1 ("Except for disputes that qualify for small claims court, you agree that **all disputes** arising out of or related to these terms of use or

any aspect of the relationship between you and Walmart . . . will be resolved through final and binding arbitration.") (emphasis added). In fact, Plaintiffs specifically waived their "right to sue in court and to have a trial by a jury." *Id.* Plaintiffs also waived their right to have their claims "brought, heard, administered, [or] resolved" as a "class action." *Id.* § 20.2. Despite these clear limitations, Plaintiffs brought class action claims in this Federal Court, not in Arkansas Small Claims Court. As pleaded, Plaintiffs' action here could not be maintained in Arkansas Small Claims Court and thus their assertion that it falls within the "small claims court" exception to the Arbitration Agreement is unavailing.[1]

Even if Plaintiffs were right (and they are not) that their claims' hypothetical "qualification for" small-claims court allows them to end-run the TOU's bar on class action suits and its waiver of the right to sue in courts of general jurisdiction, they must still establish that their claims actually qualify to be brought in Arkansas Small Claims Court. But Plaintiffs' claims would not qualify for Arkansas Small Claims Court for three independent reasons. As Plaintiffs recognize, the jurisdiction of the Small Claims Court in Arkansas is set forth in Arkansas Supreme Court Administrative Order 18. *See* Doc. 33 at 7. That order sets out multiple conditions for

---

[1] Plaintiffs are also wrong that the question of whether their claims fall within the scope of the Arbitration Agreement is an issue for this Court and not an arbitrator. *See* Doc. 26 at 13–14 (explaining why threshold arbitrability questions must be decided by arbitrator); *Vergara v. Nintendo of Am. Inc.*, No. 19 C 6374, 2020 WL 2571903, at *2–*3 (N.D. Ill. May 21, 2020) (agreement that incorporated AAA rules delegating threshold questions of arbitrability to arbitrator required parties' dispute over "small claims court" exception to be decided by arbitrator).

a claim to qualify for Small Claims Court in Arkansas. *See* Ark. Sup. Ct. Admin. Order No. 18 (hereinafter "Order 18") ¶¶ 3, 4.

The first relevant qualification for Arkansas Small Claims Court is with respect to the type of claim being asserted. *See id.* The Small Claims Court can hear only disputes over "matters of contract," "actions for the recovery of personal property," and "matters of damage to personal property." *See id.* ¶¶ 3(a)–(d), 4. Plaintiffs' Video Privacy Protection Act causes of action, which are tort claims under federal law, fall within none of those categories and thus do not qualify for the jurisdiction of Arkansas Small Claims Court.

The second relevant qualification for access to Arkansas Small Claims Court is the lack of representation by counsel. *See id.* ¶ 4(a). "Small claims court . . . precludes the involvement of attorneys." *AT & T Corp. v. Clark Cnty. ex rel. Tucker*, 2018 Ark. App. 207, at 10, 547 S.W.3d 697, 704. Here, Plaintiffs are represented by counsel at Hedin LLP in Miami, Florida and Campbell Law Firm, P.A. in Little Rock, Arkansas. Doc. 33 at 10. If Plaintiffs' counsel had filed this action in Small Claims Court in Arkansas, it would have been "immediately[] transferred" out of Small Claims Court and placed onto the "civil docket." Order 18 ¶ 4(a).

The third relevant qualification for access to the Arkansas Small Claims Court is a restriction on actions against certain corporations. *See id.* ¶¶ 4(b)–(c). Only closely held corporations organized under the law of Arkansas are capable of suing *or being sued* in Arkansas Small Claims Court. *See id.*; *Tucker*, 2018 Ark. App. 207, at 10 ("Small claims court is expressly limited to individuals or Arkansas corporations

which have three or less shareholders . . . . [t]herefore, neither the County nor AT&T could be parties to a small claims action in Arkansas."). Walmart is organized under the laws of Delaware and its stock is publicly traded. *See Kovalev v. Walmart, Inc.,* No. CV 22-1217, 2022 WL 22575091, at *1 n.1 (E.D. Pa. May 25, 2022) (noting that Walmart, Inc. is incorporated in Delaware); *City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 5:12-CV-5162, 2019 WL 13043331, at *1 (W.D. Ark. Apr. 8, 2019) (securities action involving Walmart Inc.'s publicly traded shares).[2]

In sum, Walmart's TOU provided Plaintiffs with a choice between two forums in which to pursue their *individual* VPPA claims, small-claims court or arbitration, but Plaintiffs chose neither. Instead, Plaintiffs filed a putative class action in this Court, violating their agreement with Walmart. Plaintiffs wrongly attempt to excuse their failure to comply with the Agreement by claiming that their claims "qualify for" small-claims court. But Plaintiffs' claims do not qualify for Arkansas Small Claims Court because (1) they raise federal tort claims that fall outside of the jurisdiction of the Small Claims Court, (2) they are represented by counsel which disqualifies their case from being heard in Small Claims Court, and (3) they have sued Walmart Inc., which is not an appropriate defendant in Small Claims Court. For these reasons, Walmart respectfully requests that the Court grant its Motion to Compel Arbitration and Stay Action Pending Arbitration. Doc. 25.

---

[2] *See also* Walmart Inc. Annual Report 2024, SEC Form 10-K at 3 *available at* https://s201.q4cdn.com/262069030/files/doc_financials/2024/ar/2024-annual-report-pdf-final-final.pdf.

Dated: November 6, 2024

Respectfully Submitted,

RYAN J. WALSH (admitted *pro hac vice)*
Wis. State Bar No. 1091821
EIMER STAHL LLP
10 East Doty Street
Suite 621
Madison, WI 53703
Tel: (608) 620-8346
Fax: (312) 692-1718
rwalsh@eimerstahl.com

BENJAMIN E. WALDIN (admitted *pro hac vice)*
Ill. State. Bar No. 6317991
JORDAN V. HILL (admitted *pro hac vice)*
Ill. State Bar No. 6340800
EIMER STAHL LLP
224 South Michigan Ave.
Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
Fax: (312) 692-1718
bwaldin@eimerstahl.com
jhill@eimerstahl.com

KAREN P. FREEMAN
Ark. No. 2009094
COLT D. GALLOWAY
Ark. No. 2016212
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive
Suite 200
Rogers, Arkansas 72758
Tel: (479) 464-5682
Fax: (479) 878-6928
kfreeman@mwlaw.com
cgalloway@mwlaw.com

*Counsel for Defendant Walmart, Inc.*