## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYATEVILLE DIVISION

| | |
|---|---|
| LAURIE BROWN; OLUWAKEMI FOSUDO; and ABIGAIL MUSICK, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>WALMART, INC.,<br><br>         Defendant. | Civil Action No. 5:24-cv-05144-TLB<br><br>**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ACTION** |

Plaintiffs Laurie Brown, Oluwakemi Fosudo, and Abigail Musick submit this sur-reply in response to arguments raised for the first time in Defendant Walmart, Inc.'s ("Defendant") Reply, ECF No. 35-1, in support of its motion to compel arbitration and stay this action (the "Motion"), ECF Nos. 25-26.

For the first time on reply, Defendant argues that Walmart, a "publicly traded" corporation "organized under the laws of Delaware," cannot sue or be sued in Arkansas small claims court because "only closely held corporations organized under the law of Arkansas are capable of suing or being sued in Arkansas Small Claims Court." (ECF No. 37 at 3-4.)   But Defendant's argument proves far too much.   If Arkansas law were the only law that applied to determining whether a claim "qualif[ies] for small claims court," any "restriction" on Walmart suing or being sued in Arkansas small claims court would render the arbitration agreement's exemption for "disputes that qualify for small claims court" totally illusory.

In order to give meaning to the exemption, then, the laws of the states in which the Plaintiffs reside must also be applied in determining whether their claims "qualify for small claims court."  *Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1071 (8th Cir. 2011) ("Under Arkansas law, contracts are to be construed as a whole, and all terms of a contract should be given meaning.").  And under the laws of Maryland, Washington, and Alabama – the states where Plaintiffs reside, and where they resided when they purchased prerecorded video products on walmart.com, *see* ECF 2, 3-6 (alleging that Plaintiff Fosudo lives in Maryland, Plaintiff Brown lives in Washington, and Plaintiff Musick lives in Alabama) – each of the Plaintiffs' VPPA claims, which seeks $2,500 in statutory damages, plainly "qualifies for small claims court" in each of these states.  *See* Md. Code, Cts. & Jud. Proc. §§ 4–405 & 6-201 (establishing a $5,000 damages cap for Maryland's small claims court and providing for venue in small claims court in a county where the defendant carries on regular business); Revised Code of Wash. §§ 12.40.010 & 3.66.040 (establishing Washington state's small claims courts, setting their jurisdictional limit at $10,000, and providing for venue in small claims court in the district where the cause of action, or some part thereof, arose); Ala. Code 1975, §§ 12–12–31 & 6-3-7 (setting the jurisdictional limit for Alabama's small claims court at $6,000, and providing for venue or civil suits against corporations in the county where the plaintiff resides or dispute arose).

Accordingly, to the extent there is a "restriction" on Defendant suing or being sued in small claims court in Arkansas, each of the Plaintiffs' claims is a nonetheless a dispute that "qualif[ies] for small claims court" in the state where each of them resides and is thus exempt from the TOU's arbitration agreement.  *See Manasco v. Springleaf Fin. Servs., Inc.*, No. SACV1401294CJCDFMX, 2014 WL 12577087, at *2 (C.D. Cal. Nov. 18, 2014) (noting the plaintiff's California citizenship, determining that her claim could have been brought in California's small claims court, and finding that her claim fell within a small claims exception to the arbitration provision).[1]

For the foregoing reasons, the Motion should be denied.

Dated: November 8, 2024                    Respectfully submitted,

                                           /s/ H. Gregory Campbell
                                           H. Gregory Campbell (AR #92001)
                                           Campbell Law Firm, P.A.
                                           2100 Riverdale Road, Suite 200B
                                           Little Rock, AR 72202
                                           (501) 372-5659
                                           greg@gcampbell-law.com

---

[1] The TOU's small claims court exemption covers any "disputes that qualify for small claims court," without specifying a particular state's small claims court.  And although the "Applicable Law" sub-section of the TOU provides that Arkansas law applies to the "interpretation and enforcement" of Section 20 of the TOU, the question of whether Plaintiffs' claims "qualify for small claims court" is not a question of interpretation or enforceability of the arbitration agreement but rather a substantive question concerning whether Plaintiffs' claims fall within the jurisdiction of any state's small claims court.  Indeed, as previously discussed, the only way to give meaning to the exemption is to consider whether each of the Plaintiffs' claims qualifies for small claims court in any state, not just Arkansas, with jurisdiction to hear the claim.

and

HEDIN LLP
Frank S. Hedin (*pro hac vice*)
Arun G. Ravindran (*pro hac vice*)
Elliot O. Jackson (*pro hac vice*)
1395 Brickell Ave., Ste 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
fhedin@hedinllp.com
eravindran@hedinllp.com
ejackson@hedinllp.com

*Counsel for Plaintiffs and Putative Class*