## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| LAURIE BROWN; OLUWAKEMI FOSUDO; and ABIGAIL MUSICK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br>   v.<br><br>WALMART INC.,<br><br>            Defendant. | Case No: 5:24-cv-05144-TLB |

### JOINT Rule 26(f) REPORT

The parties, by and through their respective counsel, submit the following information in compliance with Federal Rule of Civil Procedure 26(f) and in accordance with the Court's Initial Scheduling Order (Doc.. 34.)

**1.      Plaintiffs' Statement of the Case.**

Plaintiffs Laurie Brown, Oluwakemi Fosudo, and Abigail Musick commenced this action on July 15, 2024 against Defendant Walmart Inc., alleging it knowingly disclosed its customers' personally identifying and video purchase-related information to Meta Platforms, Inc. ("Meta"), formerly known as Facebook, Inc. ("Facebook"), in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Plaintiffs allege that Defendant has systematically transmitted (and continues to transmit today) its customers' personally identifying video viewing information to Meta using a snippet of programming code called the "Meta Pixel," which Defendant chose to install on its walmart.com website. (ECF No. 2, ¶ 2.) Defendant's use of the Meta Pixel discloses each Plaintiff's and class member's Facebook ID ("FID") – a unique sequence of numbers linked to a specific Meta profile containing a person's name and photo – the title of the specific prerecorded video material that each of its customers purchased on its website, and the URL where

that prerecorded video material can be found. (*Id.*, ¶¶ 2-3.) Because neither Plaintiffs nor any of Defendant's other customers provided informed consent prior to Defendant's disclosures of their information to Meta, this case is ideal for class certification.

The Complaint seeks to recover damages in the amount of $2,500 for each of the Plaintiffs and each member of the putative class. (ECF No. 2, ¶¶ 6, 85.)

**2.    Defendant's Statement of the Case**.

Defendant Walmart Inc. has moved to compel arbitration of Plaintiffs' claims. Doc. 25. Plaintiffs admit that they are bound by Walmart.com's Terms of Use. Doc. 33 at 5–6. The Terms contain a class action waiver and mandate arbitration of all claims not eligible for small claims court. Doc. 25 at 5. The parties disagree over whether Plaintiffs' claims meet the small claims court exception in the Terms. Doc. 37. Since this Court is not a small claims court, Plaintiffs have waived their right to bring a class action, and Plaintiffs could not have brought their claims in an Arkansas small claims court, Walmart maintains that Plaintiffs must arbitrate their claims. *Id.*

Irrespective of the forum in which they proceed, Plaintiffs' claims are without merit. Plaintiffs' claims are one of many cases trying, unsuccessfully, to fit a square peg into a round hole. The VPPA is a 1980s statute passed in the wake of public disclosures of federal judge Robert Bork's video rental history. That is nothing like what happened here. Meta Pixel is merely a tool used by *Walmart* to advertise goods that Walmart.com users are interested in on the Facebook platform. Facebook's publicly available Terms for Meta Pixel state that it will not share data provided via the Meta Pixel "with third parties (including advertisers)." Furthermore, Plaintiffs have not alleged, and will not be able to prove, what is needed to state a VPPA claim: that Walmart "actually knew that it was disclosing: 1) a user's identity; 2) the identity of the video material; and

3) the connection between the two—i.e., that the given user had 'requested or obtained the given video material'" to Facebook. *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1097 (N.D. Cal. 2015).

Moreover, Plaintiffs are unable to represent a class of similar users for two reasons. First, as noted above, Plaintiffs waived their right to bring claims on behalf of a class. Second, the majority of internet users utilize web browsers that block third-party cookies used by Meta Pixel, either by design or the user's chosen privacy settings. Common issues cannot predominate where each user will need to present individualized evidence regarding their browser's privacy settings.

**3.     Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**

Plaintiffs have no objection.

Walmart does not object to providing Rule 26(a) disclosures if its Motion to Compel Arbitration were to be denied and this case were to proceed to discovery.

**4.     Are there any Objections to the *timing* of Rule 26(a) Initial Disclosures?**

Plaintiffs have no objection.

Walmart objects to the default timing of exchanges under Rule 26(a) and respectfully requests that the exchange of Rule 26(a) Initial Disclosures be stayed until 30 days after the Court rules on its Motion to Compel Arbitration (Doc. 25). Walmart verifies it is aware of the "Unacceptable Excuses" stated in Rule 26(a)(1)(E) and certifies that it is not seeking to avoid making disclosures "because it has not fully investigated the case of because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."

**5.     Agreed Document Productions.**

Plaintiffs: None at this time.

Defendant: Walmart is willing to produce data concerning named Plaintiffs' purchases on Walmart.com and documents or information sufficient to identify potential custodians

(e.g., organizational charts) within 30 days after the Court rules on its Motion to Compel Arbitration (Doc. 25).

**6.      Discovery.**

**6(a).   How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?**

**Plaintiffs' Position**

Plaintiffs believe 10 months of discovery will reasonably be necessary to complete class certification and merits-related discovery, assuming discovery is not bifurcated.  Plaintiffs request a 10-month duration for discovery in large part due to the nature of the third-party discovery required in this case, particularly from Meta.  Meta is notoriously unwilling to voluntarily comply with subpoenas, especially in cases of this nature, motions to enforce subpoenas may be necessary in the event an agreement with Meta cannot be reached as to the materials it will agree to produce in response to such a subpoena.

Plaintiffs do not believe discovery should be bifurcated in this matter, as discovery pertaining to the named Plaintiffs largely overlaps with discovery concerning issues of class certification.  Indeed, the same sort of information pertaining to Plaintiffs and all members of the Class was transmitted to Meta by way of the same Meta Pixel technology installed on Defendant's website.  Thus, both Plaintiffs' and class members' claims will largely turn on common proof. Additionally, given the difficulty associated with obtaining relevant materials from Meta and the potential need to depose Meta, Plaintiffs believe the interests of both parties and non-parties will be best served by proceeding with discovery in a bifurcated manner in this case, which will avoid the need to serve multiple subpoenas (and potentially take multiple depositions) of Meta and any other relevant third parties. Nor do Plaintiffs believe there is a need to stay discovery pending

resolution of Defendant's motion to compel arbitration, as Plaintiffs believe that motion is without merit and has a low likelihood of success.

**<u>Plaintiffs' Proposed Schedule:</u>** Assuming discovery is neither stayed nor bifurcated in this matter, Plaintiffs propose the following schedule:

- Amendment of Pleadings: April 23, 2025

- Expert Written Disclosures: July 29, 2025

- Rebuttal Expert Disclosures: September 9, 2025

- Discovery Deadline: October 9, 2025

- Class Certification Motion Due: December 17, 2025

- Response to Class Certification Motion: January 23, 2026

- Reply in Support of Class Certification Motion: March 6, 2026

- Dispositive Motions Due: February 17, 2026

- Deposition Designations Due: April 9, 2026

- Counter-Designations Due: April 16, 2026

- Trial: May 12, 2026

**Defendant's Position**

Walmart's Motion to Compel Arbitration is still pending with this Court. *See* Doc. 25. If the Court grants Defendant's motion, then this action should be either dismissed or stayed. If the Court were to deny Walmart's Motion to Compel Arbitration, Plaintiffs' suggested 10-month discovery period is generally agreeable to Walmart. As noted in its Motion to Compel Arbitration, however, Walmart respectfully requests that this case be stayed pending a ruling on its Motion. *See* Doc. 25 at 15 (requesting that the Court "suspend all deadlines in this matter until the Court reaches a conclusion on the Motion to Compel Arbitration and Stay Action Pending Arbitration").

Walmart does not believe that prompt 6(a) in this 26(f) conference Report Form calls for a complete case schedule through trial and would object to the entry of Plaintiffs' proposed schedule above. To the extent that this Report Form calls for information concerning the schedule for certain class-certification-related issues, Walmart addresses those issues in Schedule F.

**6(b).   Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules?  If so, please explain.**

No

**6(c).   Do the parties seek to increase the maximum number of depositions allowed per side? If yes, please explain the necessity and state how many depositions per side are proposed**.

No

**6(d).   Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex.  If your answer is "Complex," then please complete and attach Schedule A.**

Fairly simple and routine. The parties contemplate agreeing on a stipulated ESI protocol.

**6(e).   Do you anticipate the use of Expert Witnesses at trial?  If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).**

The parties intend to use experts in the presentation of their cases. Please see the disclosure dates in the proposed schedules provided.

**6(f).   Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**

☐ No.
☐ Yes. The parties stipulate to entry of the Court's standard protective order.
☒ Yes. The parties stipulate to entry of a modified version of the Court's standard protective order.

**7.     State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

Plaintiffs' estimate: 5-7 days.

Defendant's estimate: 3-5 days.

**8.      State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**

The parties believe that 90 days is sufficient.

**9.      Settlement Prospects.**

The parties are amenable to an early settlement conference after the exchange of certain

discovery relevant to the claims of named Plaintiffs and class certification.

**10.      Special Issues and Schedules.**

_____ **Federal Jurisdiction is Disputed**. [*If so, please complete and attach Schedule B.*]

____ **Action removed from state court and Plaintiff's Complaint does not specifically allege damages in excess of $75,000.00.** [*If so, please complete and attach Schedule C.*]

____ **Diversity Jurisdiction case where any party is a non-corporate entity (*i.e.* LLCs, LLPs, General Partnerships, Trusts, Estates, etc.).** [*If so, please complete and attach Schedule D.*]

____ **Original action filed in this Court based on Diversity Jurisdiction where Plaintiff has named one or more "John Doe" Defendant(s).** [*If so, please complete and attach Schedule E.*]

__X__ **Complaint contemplates certification of a Rule 23 Class Action and/or a Collective Action pursuant to the Fair Labor Standards Act.** [*If so, please complete and attach Schedule F.*]

____ **Complaint seeks recovery for personal injuries and/or wage loss.** [*If so, please complete and attach Schedule G.*]

**11.      Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**

Yes, Defendant Walmart Inc. has filed its corporate disclosure statement. *See* Doc. 41.

**12.      Magistrate Judge Jurisdiction.  Have all counsel discussed with their clients and each other the option of consenting to Magistrate Judge jurisdiction?**

The parties have discussed with their clients the option of consenting to a Magistrate

Judge's jurisdiction. The parties did not agree to consent to the jurisdiction of a Magistrate Judge.

**Schedule F**

**Rule 23 Class Action and/or FLSA Collective Action**

1.     The parties shall confer and provide a detailed statement of their joint recommendations and/or respective positions on how to structure the litigation.  For example, should case management be bifurcated into pre- and post-certification phases—with discovery initially limited to certification issues?  If so, the parties should discuss and report agreed deadlines (or each party's respective position on deadlines) typically associated with certification and merits phases, including a schedule for expert disclosures and depositions.   Such considerations may be structurally different for FLSA cases—but the Court is in equal need of the parties' input and recommendations.  In a "typical" Rule 23 class action, the Court's suggested deadline for filing certification motions is about 6 months from the Case Management Hearing, and pure merits discovery—if a class is certified—should last no more than about 6 to 8 months.

**Plaintiffs' Position**

Plaintiffs have provided a schedule above.

**Defendant's Position**

Walmart does not believe it is necessary to bifurcate discovery into pre- and post-certification phases. It does, however, have differences of opinion with Plaintiffs with respect to the schedule for discovery of class and merits discovery and class certification briefing.

| Event Date or Deadline | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Amendment of Pleadings | April 23, 2025 | April 23, 2025 |
| Affirmative Expert Written Disclosures | July 29, 2025 | July 15, 2025 |
| Class Certification Motion Due | December 17, 2025 | July 15, 2025 |
| Rebuttal Expert Written Disclosures | September 9, 2025 | September 15, 2025 |
| Response to Class Certification Motion | January 23, 2026 | September 15, 2025 |
| Discovery Deadline | October 9, 2025 | October 9, 2025 |
| Reply in Support of Class Certification Motion | March 6, 2026 | October 9, 2025 |
| Dispositive Motions Due | February 17, 2026 | 30 days after order on Class Certification Motion |
| Oppositions to Dispositive Motions Due | [No date specified, Local Rules provide 14 days] | 30 days after dispositive motions filed |
| Replies in Support of Dispositive Motions Due | [No date specified, Local Rules provide 7 days] | 14 days after oppositions to dispositive motions filed |

Dated: December 9, 2024                      Respectfully submitted,

*/s/ H. Gregory Campbell*
H. Gregory Campbell (Ark. Bar No. 92001)
**CAMPBELL LAW FIRM, P.A.**
2100 Riverdale Road, Suite 200B
Little Rock, Arkansas 72202
(501) 372-5659
greg@gcampbell-law.com

and

**HEDIN LLP**
FRANK S. HEDIN (FBN: 109698)
ARUN G. RAVINDRAN (FBN: 66247)
ELLIOT O. JACKSON (FBN: 1034536)
1395 BRICKELL AVE., SUITE 610
MIAMI, FLORIDA 33131-3302
TELEPHONE:    (305) 357-2107
FACSIMILE:    (305) 200-8801
E-MAIL:        FHEDIN@HEDINLLP.COM
                ARAVINDRAN@HEDINLLP.COM
                EJACKSON@HEDINLLP.COM


*Counsel for Plaintiffs and Putative Class*


Ryan J. Walsh (admitted *pro hac vice*)
Wis. State Bar No. 1091821
EIMER STAHL LLP
10 East Doty Street
Suite 621
Madison, WI 53703
Tel: (608) 620-8346
Fax: (312) 692-1718
rwalsh@eimerstahl.com

Benjamin E. Waldin (admitted *pro hac vice*)
Ill. State. Bar No. 6317991
Jordan V. Hill (admitted *pro hac vice*)
Ill. State Bar No. 6340800
EIMER STAHL LLP

224 South Michigan Ave.
Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
Fax: (312) 692-1718
bwaldin@eimerstahl.com
jhill@eimerstahl.com

Karen P. Freeman
Ark. No. 2009094
Colt D. Galloway
Ark. No. 2016212
MITCHELL, WILLIAMS, SELIG, GATES &
WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive
Suite 200
Rogers, Arkansas 72758
Tel: (479) 464-5682
Fax: (479) 878-6928
kfreeman@mwlaw.com
cgalloway@mwlaw.com

*Counsel for Defendant Walmart Inc.*