IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LAURIE BROWN; OLUWAKEMI FOSUDO;**
**and ABIGAIL MUSICK**                                                                    **PLAINTIFFS**

**V.**                                        **CASE NO. 5:24-CV-5144**

**WALMART, INC.**                                                                              **DEFENDANT**

## OPINION AND ORDER

Now before the Court is Defendant Walmart's Motion to Compel Arbitration (Doc. 25), Plaintiffs' Response in Opposition (Doc. 33), Walmart's Reply (Doc. 37), and Plaintiffs' Sur-Reply (Doc. 40). For the following reasons, Walmart's Motion to Compel Arbitration is **GRANTED**.

The parties agree that an enforceable arbitration agreement exists but disagree whether it applies to Plaintiffs' claims. Therefore, the first question the Court must resolve is who decides whether Plaintiffs' claims are arbitrable, the Court or the arbitrator. Walmart contends that the arbitration agreement delegates the question of arbitrability to the arbitrator. Plaintiffs respond that such delegation does not apply to their claims because they are specifically excluded from the arbitration agreement.

Plaintiffs in this case purchased video materials on Walmart.com. They allege that Walmart systematically transmits its customers' video viewing information to a third party, Meta, via a program on Walmart's website called "Meta Pixel," which links a Walmart.com user's video purchase history to their Facebook account. This, Plaintiffs allege, violates the Video Privacy Protection Act, which makes a "video tape service provider" liable for "actual damages but not less than liquidated damages in an amount of $2,500" if the

1

provider "knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710(b)–(c).

Before making a purchase on Walmart.com, the user must agree to Walmart's Terms of Use ("TOU"). The TOU contains an "Arbitration Agreement" which provides as follows:

> EXCEPT FOR DISPUTES THAT QUALIFY FOR SMALL CLAIMS COURT, YOU AGREE THAT ALL DISPUTES ARISING OUT OF OR RELATED TO THESE TERMS OF USE OR ANY ASPECT OF THE RELATIONSHIP BETWEEN YOU AND WALMART, INCLUDING ANY PRODUCTS OR SERVICES OFFERED OR SOLD BY WALMART OR THE WALMART ENTITIES, WHETHER BASED IN CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION, OR ANY OTHER LEGAL THEORY, WILL BE RESOLVED THROUGH FINAL AND BINDING ARBITRATION BEFORE A SINGLE NEUTRAL ARBITRATOR INSTEAD OF IN A COURT BY A JUDGE OR JURY. EXCEPT AS OTHERWISE PROVIDED IN THESE TERMS OF USE, YOU AND WALMART AGREE THAT EACH IS WAIVING THE RIGHT TO SUE IN COURT AND TO HAVE A TRIAL BY A JURY.

(Doc. 26, ¶ 20.1). The TOU further provide that "The arbitration will be administered by the AAA [American Arbitration Association] pursuant to the current AAA Consumer Arbitration Rules, except to the extent modified by these Terms of Use. The AAA rules and instructions are available on the AAA website at www.adr.org/consumer." *Id.* at ¶ 20.4.

The AAA rules state that "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Consumer Arbitration Rules, Am. Arb. Ass'n, R-14(a) (effective Sept. 1, 2014), https://www.adr.org/sites/default/files/Consumer-Rules-Web_0.pdf [https://perma.cc/T57T-JCTF].

Under the Federal Arbitration Act, 9 U.S.C. §§ 1–16, "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019). Parties can contract to arbitrate "'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* at 68 (internal quotation marks omitted) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)).

Interpretation of arbitration agreements is generally a matter of state law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). However, "courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." *Id.* (cleaned up) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). The Arkansas Supreme Court has held that the incorporation of the AAA Rules in a broadly worded arbitration provision "manifests a clear and unmistakable intent to arbitrate the questions of arbitrability." *HPD, LLC v. TETRA Techs., Inc.*, 2012 Ark. 408, at 11 (2012).

Plaintiffs argue that their claims do not fall within the arbitration agreement because they qualify for small claims court, and such claims are specifically excluded from the arbitration agreement. Because, on Plaintiffs' reading, these claims do not fall within the arbitration agreement at all, the provision incorporating the AAA Rules, including the AAA's delegation rule, does not apply to them. Plaintiffs point to *Horton v. Dow Jones & Co., Inc.*, 2019 WL 952314 (S.D.N.Y. Feb. 27, 2019), *aff'd*, 804 F. App'x 81 (2d Cir. 2020). There, the court found that Plaintiffs claims, which qualified for small claims court, were not arbitrable under an arbitration agreement similar to the one here.

3

However, the court did not address the threshold question of who decides arbitrability, perhaps because the agreement did not have a provision addressing that question. Here, however, there is a delegation provision in the Agreement that the Court cannot simply ignore.

> Even assuming that Plaintiffs' claims fall within the small claims exception,
>
> [w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.

*Henry Schein*, 586 U.S. at 68. Here, under Arkansas law, the parties have manifested a clear and unmistakable intent to delegate the question of arbitrability, "including any objections with respect to . . . the arbitrability of any claim." Consumer Arbitration Rules, Am. Arb. Ass'n, R-14(a).

**IT IS THEREFORE ORDERED** that the parties are **COMPELLED TO ARBITRATION**. The Court declines to enter a formal stay of these proceedings. Instead, the Clerk of Court is **DIRECTED TO ADMINISTRATIVELY TERMINATE THE CASE**, and the parties may move to reopen it if further action of the Court is required after arbitration has been concluded.

**IT IS SO ORDERED** on this 31st day of January, 2025.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE