IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAURIE BROWN, OLUWAKEMI FOSUDO, and ABIGAIL MUSICK,

Plaintiffs,

Case No. 5:24-cv-05144-TLB

v.

WALMART, INC.,

Defendant.

**DEFENDANT WALMART, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN CASE**

Over a year ago, the Court held that whether Plaintiffs' claims are arbitrable is a question for the arbitrators. It compelled each Plaintiff—Laurie Brown, Oluwakemi Fosudo, and Abigail Musick—to pursue an individual arbitration. Fosudo still has not done so. Musick has—and received an order from Arbitrator Spector that her claim must remain in arbitration. Brown also initiated arbitration, but Arbitrator Barzee-Flores ruled her claim is not arbitrable because it is eligible for filing in Washington small claims court.

Citing the finding of non-arbitrability in Brown's case—but ignoring the finding of arbitrability in Musick's case—Plaintiffs now move to reopen this putative class action as to *all* Plaintiffs, even Fosudo.

The motion should be denied as premature, and this matter should remain administratively closed. As this Court already has held, Plaintiff Fosudo's claims

must proceed in arbitration (or she may dismiss them with prejudice), and Plaintiff Musick's case must remain in arbitration until an award issues. Plaintiffs give no reason for this Court to reverse its order compelling arbitration for all three, and there is none. As for Brown, the arbitrator has concluded that her claims can be filed in Washington small claims court, and that is where they belong. If Brown wishes to file an individual complaint in that forum, she is free to do so. But she may not proceed here—and certainly not now. This Court's previous order, Walmart's arbitration agreement, and the respective orders of Arbitrators Barzee-Flores and Spector confirm as much.

## BACKGROUND

On January 31, 2025, citing the American Arbitration Association rule that each arbitrator "shall have the power to rule on his or her own jurisdiction," this Court ordered Brown, Musick, and Fosudo "compelled to arbitration." ECF No. 44 at 2, 4; PageID # 202, 204 (citation omitted). Brown and Musick initiated individual arbitrations with the AAA on April 28, 2025. Fosudo still has not initiated arbitration.

Plaintiff Musick was assigned Arbitrator Joshua Spector. Plaintiff Brown was assigned Arbitrator Mary Barzee-Flores.

In their respective arbitrations, Musick and Brown each sought an order that their claims are non-arbitrable because they qualify for small claims court in their home states of Alabama and Washington, respectively. Walmart opposed the motions on multiple grounds, including because the arbitration agreement is governed by

Arkansas law and Plaintiffs' claims do not qualify for Arkansas small claims court. Walmart also argued in the alternative that Plaintiffs' claims do not qualify for small claims court in Alabama or Washington, respectively.

On November 20, 2025, Arbitrator Barzee-Flores ruled that Brown's claims are not arbitrable because the "individual VPPA claim for $2,500.00 is a dispute that qualifies for Washington State small claims court." Ex. A at 2. Arbitrator Barzee-Flores also rejected Walmart's argument that Arkansas law applied. *Id.* at 6.

Brown's counsel promptly asked to share this opinion with Arbitrator Spector in Musick's case. Ex. B at 2. But Arbitrator Spector declined to "consider" or even "review" it. He explained that not only was the submission untimely but, more importantly, it was "from another arbitration as opposed to, e.g., case law or *authority*." *Id.* at 1 (emphasis added).

Four days later, on November 24, 2025, Arbitrator Spector ruled that Musick's claims *are* arbitrable because "Arkansas law applies" and the claims "would not qualify for small claims court in Arkansas." Ex. C at 12–13. Arbitrator Spector also held in the alternative that Musick's claims are arbitrable because they would not qualify for small claims court in Alabama. *Id.* at 12.

## **ARGUMENT**

Because an order compelling arbitration and staying a proceeding is not a final judgment, *see ON Equity Sales Co. v. Pals*, 528 F.3d 564, 568 (8th Cir. 2008), any request to reconsider it falls under Federal Rule of Civil Procedure 54(b), *see Easter v. Compucredit Corp.*, No. 08-CV-1041, 2009 WL 1286509, at *1 (W.D. Ark. May 7,

2009).[1] Under that rule, a court will amend its order only "to correct clear or manifest errors of fact or law." *Easter*, 2009 WL 1286509, at *1 (citing *Doctor John's Inc. v. City of Sioux City, Iowa*, 456 F. Supp. 2d 1074, 1076 (N.D. Iowa 2006)).

Plaintiffs identify no clear or manifest error of fact or law, and there is none. The Court ordered all Plaintiffs to pursue individual arbitrations. Fosudo did not pursue arbitration at all. Musick did, and her Arbitrator found her claims arbitrable. Musick and Walmart continue to move forward, having already had a discussion with Arbitrator Spector about the scope of discovery. Because this Court's order compelling arbitration is as correct today as it was in January 2025 when it issued, it should not be reversed. Rather, as this Court wrote then, Plaintiffs may move to reopen only if "further action of the Court is required *after* arbitration has been concluded." ECF No. 44 at 4 (emphasis added).

For at least two reasons, this Court should likewise decline to reopen this case as to only Brown. *First*, the request is premature. The arbitrations have not "concluded"—only Brown's has. If Brown were the only Plaintiff, perhaps it would make sense for her case to proceed now in the appropriate court. But she has co-pleaded with two other Plaintiffs whose arbitrations have not yet terminated. That choice has consequences. Judicial economy favors reopening if and only if "further

[1] The Court here administratively closed the case after compelling arbitration. ECF No. 44 at 4, Page ID # 204. For purposes of Rule 54(b), an administrative closing is the same as an order staying litigation pending arbitration. *Davidson v. Cingular Wireless LLC*, No. 2:06CV00133-WRW, 2007 WL 1232160, at *1 (E.D. Ark. Apr. 26, 2007) (denying motion to withdraw administrative closing of case pending completion of arbitration because an "administrative closing is just that-an order staying litigation pending the results of arbitration").

action of the Court is required" after *all* relevant arbitrations have concluded. ECF No. 44 at 4; *see also In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 298 F. Supp. 3d 1285, 1304 (N.D. Cal. 2018) (staying class action pending arbitration and noting that "[t]his Court and other courts have stayed all claims in an action even if only some of the claims will be arbitrated.").

*Second*, and regardless, Brown's request to reopen is misdirected. Although Arbitrator Barzee-Flores found Plaintiff Brown's claim non-arbitrable, that is because she concluded that Plaintiff Brown's claims qualify for Washington small claims court, which, according to Arbitrator Barzee-Flores, puts them outside the scope of the arbitration agreement. That, of course, does not make them suitable for adjudication in federal court (especially as part of a putative class action). Quite the contrary. *See Adams v. AT&T Mobility, LLC*, 816 F. Supp. 2d 1077, 1086 (W.D. Wash. 2011) (small claims exception to arbitration agreement "shows unequivocally that Verizon merely agreed to permit its customers to bring their disputes to small claims court rather than arbitrate them. Verizon did not agree to permit a customer to bring a claim in whatever court the customer prefers as long as the claim could be the subject of a small claims suit"). Brown's valid agreement "to giv[e] up the right to sue . . . in court or in class actions of any kind" should be enforced. ECF No. 26-5, Terms of Use Agreement, PageID # 107. This plain reading of the Terms is further supported by the Third Circuit's recent holding in *Valli v. Avis Budget Group Inc.*, which rejected the idea that a plaintiff pursuing a class action in federal court could rely on a small claims court exception to an arbitration agreement. 162 F.4th 396,

413–14 (3d Cir. 2025) (relying on small claims exception "misapprehends the posture of this case" as a putative class action and rejecting that "novel theory" as unsupported by law).

Plaintiffs respond that the finding of non-arbitrability in Brown's case (but *not* the finding of arbitrability in Musick's) fully resolves the question of arbitrability as to all three Plaintiffs—and perhaps even in all disputes under Walmart's Terms. That is patently wrong.

Arkansas recognizes offensive collateral estoppel—when a plaintiff seeks to "foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party"—but only "in limited cases" and its courts are given "broad discretion" to deny its use where it would be unfair. *See Johnson v. Union Pacific Railroad*, 352 Ark. 534, 545, 104 S.W.3d 745, 751 (2003) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.26 (1979), and adopting the same). *Johnson* explains that, "[b]y way of illustration only," *Parklane* flags three non-exclusive examples in which offensive collateral estoppel "may be unfair," including (1) where the first action involved 'small or nominal damages' (limiting incentive to defend), (2) where the allegedly preclusive judgment is "inconsistent with one or more previous judgments in favor of the defendant," or (3) where the second action offers "procedural opportunities unavailable in the first action that could cause a different result." *Id.* at 545–46, 104 S.W.3d at 751 (quoting *Parklane*, 439 U.S. at 330–31).

Applying preclusion here would be unfair in multiple respects. Plaintiffs seek to treat an arbitrator's non-arbitrability determination as dispositive in this reopened putative class action, even though the proceedings ordered by this Court include a different arbitrator's contrary ruling in Musick's arbitration on the same arbitrability question—an "inconsisten[cy]" of outcomes that *Parklane* identifies as a reason to deny offensive estoppel. *Id.* at 546, 104 S.W.3d at 752. Relatedly, the underlying claim amount at issue is the VPPA's $2,500 statutory damages for an individual claim—precisely the sort of "small or nominal damages" context that *Parklane* recognizes may reduce litigation incentives and thus counsel against using the result offensively in later proceedings. *Id.*; Class Action Complaint ¶¶ 5, 85, *Brown v. Walmart, Inc.*, No. 5:24-cv-05144-TLB (W.D. Ark. filed July 15, 2024), ECF No. 2 (alleging statutory damages of $2,500 per person under 18 U.S.C. § 2710(c)). Finally, this Court's prior order compelled the parties to arbitration after holding that arbitrability was a decision for *each* arbitrator under the parties' agreement and AAA rules, reinforcing that Plaintiffs' effort to convert one individualized arbitrability decision into a binding rule for others would require the Court to do precisely what *Parklane* and *Johnson* reserve to discretion and fairness analysis rather than automatic application. Both arbitrators assumed that their decisions applied only to the claimant before them. Arbitrator Barzee-Flores did not include any language indicating that her award had preclusive effect or would apply to any claimant other than Brown. Further, when ruling on Musick's motion, Arbitrator Spector expressly declined to consider the ruling of Arbitrator Barzee-Flores because he determined

that it was not "authority" in Musick's arbitration. This is consistent with case law that holds that it is not for a court to decide whether to give an arbitrator's decision preclusive effect but instead that decision rests exclusively with a subsequent arbitrator. *See, e.g.*, *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 765 (1983) ("A federal court may not second-guess" an arbitrator's interpretation of "his perceived obligation to give a prior award a preclusive effect"); *Emps. Ins. Co. of Wausau v. OneBeacon Am. Ins. Co.*, 744 F.3d 25, 27 (1st Cir. 2014) ("[T]here is broad agreement among the circuit courts that the effect of an arbitration award on future awards is properly resolved through arbitration.") (citation modified); *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 968 (7th Cir. 2000) ("[I]t ... is well-established that 'the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider.'" (quoting *Bhd. of Maint. of Way Emps. v. Burlington N. R.R. Co.*, 24 F.3d 937, 940 (7th Cir. 1994)); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) ("[A]rbitrators possess broad discretion to determine when they should apply offensive non-mutual collateral estoppel.").

Finally, Brown's argument that the case must be reopened so that this Court may "confirm" the arbitrator's order is wrong for two reasons. First, the Brown Order is not an "award made pursuant to the arbitration" agreement that is subject to confirmation under the Federal Arbitration Act. 9 U.S.C. § 9. The Brown Order specifically finds that the arbitration agreement does not apply. That finding is neither an "award" nor was it made "pursuant to" the arbitration agreement. *See*

*Valentine v. Verizon Wireless, LLC*, No. 23-CV-02698-DDD-KAS, 2024 WL 4202135, at *4 (D. Colo. Aug. 22, 2024) (holding that an order that would "permit [Plaintiff] to pursue this matter in Small Claims Court" was not an award subject to confirmation because it was not a "final decision on the merits"). The Brown Order does not require any judicial enforcement; its only force or effect is to preclude further proceedings on Brown's claim before AAA. *See Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008) (a district court is without authority to confirm an arbitral order that is not an award). Second, even if the order could be viewed as an "award," the parties did not agree through the Terms to judicial confirmation which is a prerequisite under the FAA. 9 U.S.C. § 9 (the court may confirm an award only "[i]f the parties in their agreement have agreed" to that); *see generally* ECF No. 26-5, Terms of Use Agreement (lacking language addressing confirmation of arbitral awards). The Eighth Circuit specifically requires

> parties [to] have an *express affirmative agreement* providing for judicial confirmation of an award for a federal court to have authority under section 9 of the FAA to enter judgment on the award. The mere statement that arbitration is final and binding is insufficient to make the award enforceable under the FAA.

*Milk Drivers, Dairy & Ice Cream Emps., Laundry & Dry Cleaning Drivers, Clerical & Allied Workers, Loc. Union No. 387 v. Roberts Dairy*, 294 F. Supp. 2d 1050, 1055 (S.D. Iowa 2003) (citing *In PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1253–54 (8th Cir. 1998)). For these reasons Brown's argument that this Court should reopen this case to "confirm" the arbitrator's order in her case should be rejected.

## CONCLUSION

The Court should deny Plaintiffs' motion to reopen. It should entertain any such motion only after the conclusion of all the arbitrations the Court previously compelled. Alternatively, if the Court is inclined to grant the motion, it should only do so as to Brown's claims, not those of Plaintiffs Musick or Fosudo.

Dated: February 4, 2026

Respectfully Submitted,

RYAN J. WALSH (admitted *pro hac vice*)
Wis. State Bar No. 1091821
EIMER STAHL LLP
10 East Doty Street
Suite 621
Madison, WI 53703
Tel: (608) 620-8346
Fax: (312) 692-1718
rwalsh@eimerstahl.com

BENJAMIN E. WALDIN (admitted *pro hac vice*)
Ill. State. Bar No. 6317991
EIMER STAHL LLP
224 South Michigan Ave.
Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
Fax: (312) 692-1718
bwaldin@eimerstahl.com

KAREN P. FREEMAN
Ark. No. 2009094
COLT D. GALLOWAY
Ark. No. 2016212
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive
Suite 200
Rogers, Arkansas 72758

Tel: (479) 464-5682
Fax: (479) 878-6928
kfreeman@mwlaw.com
cgalloway@mwlaw.com

*Counsel for Defendant Walmart, Inc.*