IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LAURIE BROWN, OLUWAKEMI
FOSUDO, and ABIGAIL MUSICK,

              Plaintiffs,              Case No.  5:24-cv-05144-TLB

v.

WALMART, INC.,

              Defendant.

**DEFENDANT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS
OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN CASE**

Defendant Walmart, Inc., ("Defendant"), by their attorneys, respectfully submits this Supplemental Authority, *O'Dell v. Aya Healthcare Services, Inc.*, No. 25-1528, 2026 WL 889141 (9th Cir. Apr. 1, 2026), attached as Exhibit A in Support of its Opposition to Plaintiffs' Motion to Reopen the Case ("Motion").

On April 1, 2026, the Ninth Circuit Court of Appeals issued an opinion in *O'Dell v. Aya Healthcare Services, Inc.*, that directly relates to Plaintiff's Motion. In *O'Dell*, former employees of a travel-nursing agency brought a putative class action against the agency for purported wage violations. Ex. A at 1. Each employee had entered into an arbitration agreement with the agency, and the agreement contained a clause that an arbitrator would determine the arbitrability of the agreement. *Id.* The district court sent four of the disputes to separate arbitrations; two found that the agreements were valid, two did not. *Id.* The district court, relying on the two

arbital awards that invalidated the agreements, precluded the arbitration of disputes with respect to the remaining 255 employees.  *Id.*

The Ninth Circuit reversed the district court's judgment as erroneous, holding that the FAA prohibits applying "non-mutual offensive collateral estoppel that would result in the effective invalidation of arbitration agreements."  *Id.*  Explaining that the "hallmark of the FAA is the enforcement of arbitration agreements and the resolution of disputes in individualized, one-on-one proceedings," the Court described the district court's ruling as "anathema to the FAA."  *Id.*  The Court clarified further that courts cannot do away with bilateral proceedings between mutually consenting parties just because "*other* arbitrators in *other* proceedings involving *other* parties have already decided the issue."  *Id.*  Doing so "transforms parties' individualized proceedings into a bellwether type class action proceeding to which the parties never agreed" which is prohibited by the FAA.  *Id.*  The Court therefore reversed the district court's judgment and remanded for further proceedings.  *Id.*

Dated: April 13, 2026                          Respectfully Submitted,

RYAN J. WALSH (admitted *pro hac vice*)
Wis. State Bar No. 1091821
EIMER STAHL LLP
2 East Mifflin Street
Suite 703
Madison, WI 53703
Tel: (608) 620-8346
Fax: (312) 692-1718
rwalsh@eimerstahl.com

BENJAMIN E. WALDIN (admitted *pro hac vice*)
Ill. State. Bar No. 6317991

EIMER STAHL LLP
224 South Michigan Ave.
Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600
Fax: (312) 692-1718
bwaldin@eimerstahl.com

COLLIN J. VIERRA (admitted *pro hac vice*)
CA. State. Bar No. 322720
EIMER STAHL LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Tel: (408) 889-1668
Fax: (312) 692-1718
cvierra@eimerstahl.com

KAREN P. FREEMAN
Ark. No. 2009094
COLT D. GALLOWAY
Ark. No. 2016212
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive
Suite 200
Rogers, Arkansas 72758
Tel: (479) 464-5682
Fax: (479) 878-6928
kfreeman@mwlaw.com
cgalloway@mwlaw.com

*Counsel for Defendant Walmart, Inc.*