**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**LAURIE BROWN; OLUWAKEMI FOSUDO; and ABIGAIL MUSICK, individually and on behalf of all others similarly situated** **PLAINTIFFS**

**V.** **CASE NO. 5:24-CV-5144**

**WALMART, INC.** **DEFENDANT**

# ORDER

Now before the Court are Plaintiffs' Motion to Reopen Case (Doc. 45), Defendant's Response in Opposition (Doc. 46), and Defendant's supplemental authority in support of its Response (Doc. 53). For the reasons that follow, the Motion is **DENIED**.

Plaintiffs, individuals who purchased prerecorded video materials on Walmart.com, allege that Walmart transmits its customers' identities and their video purchase histories to Meta, the parent company of Facebook, in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. As Walmart.com users, Plaintiffs agreed to Walmart's Terms of Use, which contained an Arbitration Agreement. The Arbitration Agreement provides in relevant part:

> EXCEPT FOR DISPUTES THAT QUALIFY FOR SMALL CLAIMS COURT, YOU AGREE THAT ALL DISPUTES ARISING OUT OF OR RELATED TO THESE TERMS OF USE OR ANY ASPECT OF THE RELATIONSHIP BETWEEN YOU AND WALMART, INCLUDING ANY PRODUCTS OR SERVICES OFFERED OR SOLD BY WALMART OR THE WALMART ENTITIES, WHETHER BASED IN CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION, OR ANY OTHER LEGAL THEORY, WILL BE RESOLVED THROUGH FINAL AND BINDING ARBITRATION BEFORE A SINGLE NEUTRAL ARBITRATOR INSTEAD OF IN A COURT BY A JUDGE OR JURY.

(Doc. 26, ¶ 20.1).

Walmart moved to compel arbitration. *See* Doc. 26. Plaintiffs resisted, arguing that their VPPA claims are "disputes that qualify for small claims court" and are therefore outside the scope of the Arbitration Agreement. *See* Doc. 33. The Court held that the parties delegated the question of arbitrability to the arbitrator and therefore compelled the parties to arbitration. *See* Doc. 44. Since then, two of the three Plaintiffs have initiated individual arbitration proceedings; the arbitrators in the two cases reached opposite conclusions about whether each Plaintiff's VPPA claim qualifies for small claims court. Plaintiff Laurie Brown's arbitration was completed first. Arbitrator Mary Barzee Flores concluded that the law of Ms. Brown's home state, Washington, applies to determine whether her dispute qualifies for small claims court and that under Washington law, Ms. Brown's dispute does qualify and her claim is "therefore non-arbitrable." (Doc. 46-1, p. 9). The Brown order explicitly left open the question whether Ms. Brown can proceed on her putative class claim in federal court or is instead limited to small claims court. *Id.*

Plaintiff Abigail Musick's case reached a decision on arbitrability shortly thereafter. (Doc. 46-3). Arbitrator Joshua Spector refused to review or consider the Brown order because it was untimely and was "material from another arbitration as opposed to, e.g., case law or authority." (Doc. 46-2). The Musick order concluded that, under a choice of law provision in the Terms of Use, Arkansas law applies to determine whether Ms. Musick's dispute qualifies for small claims court, Ms. Musick's claim is outside the subject-matter jurisdiction of Arkansas small claims courts, so her claim is arbitrable. (Doc. 46-3, pp. 13–17). The third named Plaintiff, Oluwakemi Fosudo, has not initiated arbitration.

"All Plaintiffs" now ask the Court to reopen this case to:

(1) permit Plaintiff Brown to seek confirmation of the Brown Order;

(2) permit Plaintiffs Musick and Fosudo to seek a determination that their claims are non-arbitrable based on the preclusive effect of the confirmed Brown Order; and

(3) permit this litigation to thereafter resume in the ordinary course.

(Doc. 45, pp. 1–2). Walmart opposes the Motion on a number of grounds, among them that Plaintiffs' class action lawsuit does not qualify for small claims court.

The Court agrees. The Brown order found Ms. Brown's claim non-arbitrable but left open the question of where her claim should proceed. Although Ms. Brown's claim may, individually, fall within the jurisdiction of a Washington small claims court, the class claims pled in Plaintiffs' Complaint do not. The "ingenious" procedural device of the class action "aggregates numerous small claims into a single action, which then 'acquires an independent legal status once it is certified under Rule 23.'" *Valli v. Avis Budget Grp. Inc*, 162 F.4th 396, 413–14 (3d Cir. 2025) (first quoting *Eubank v. Pella Corp.*, 753 F.3d 718, 719 (7th Cir. 2014); and then quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). Putting aside the issue of whether an arbitrator's non-arbitrability finding is subject to judicial confirmation and the preclusive effects of such finding, the Arbitration Agreement cannot be read to allow Plaintiffs to bring a class action on behalf of "tens of thousands" at $2,500 a pop. Doc. 2, ¶ 72; *see Valli*, 162 F.4th at 414; *Gadomski v. Wells Fargo Bank N.A.*, 281 F. Supp. 3d 1015, 1020–21 (E.D. Cal. 2018) ("[T]he flaw in Plaintiff's logic is that neither she nor the other similarly situated class members are moving forward as individuals."). Plaintiffs' Motion to Reopen is therefore **DENIED**.

**IT IS SO ORDERED** on this 18th day of May, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE